MICHAEL K. GRACE (SBN 126737)
mgrace@gracelaw.com
PAMELA D. DEITCHLE (SBN 222649)
pdeitchle@gracelaw.com
GRACE+GRACE LLP
790 E. Colorado Boulevard, Suite 797
Pasadena, CA  91101
Telephone: (626) 696-1555
Facsimile:  (626) 696-1559

Attorneys for Defendants and Counterclaimants
JAG Ventures, LLC f/k/a Ultimatecoupons.com, LLC;
Jeffrey A. Grossman; and Andrew E. Kardon

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET BRANDS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ULTIMATECOUPONS.COM, LLC, et al.;<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: CV 11-5358 CAS (CWx)<br><br>[PROPOSED]<br>**PROTECTIVE ORDER** |

1   Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff and
2 counterdefendant Internet Brands, Inc. and Defendants and Counterclaimants
3 JAG Ventures, LLC f/k/a Ultimatecoupons.com, LLC; Jeffrey A. Grossman; and
4 Andrew E. Kardon (collectively, the "parties"), through the parties' respective
5 counsel of record, have stipulated and agreed that discovery in this action (and
6 any further actions among these parties) may involve requests for the production
7 of information and documents that the responding parties consider to be
8 confidential, proprietary or competitively sensitive.  The parties believe that a
9 protective order restricting the use and dissemination of confidential, proprietary,
10 and competitively sensitive information and documents is necessary and
11 appropriate to facilitate discovery and litigation in this action.  The parties also
12 believe that such an order is necessary and appropriate to enable the parties to
13 conduct relevant discovery of non-parties that may have similar concerns
14 regarding their confidential, proprietary or competitively sensitive information
15 and documents.
16   GOOD CAUSE EXISTS FOR THE ISSUANCE OF THIS ORDER:  The
17 parties have propounded discovery and it appears that many of the documents
18 subject to disclosure contain confidential, proprietary or competitively sensitive
19 information such that good cause exists to protect the disclosure of such
20 documents.  These voluminous documents include, but are not limited to,
21 confidential commercial information, financial information, employee
22 information, customer information, contractor and vendor information, marketing
23 plans, business plans, license agreements, distribution agreements, development
24 information, budgets, profit and loss information, and corporate asset information
25 the disclosure of which could cause competitive harm to the producing party.
26   In determining the scope of information which a party may designate as its
27 confidential information, each party acknowledges the importance of client access
28 to all information material to client decision making in the prosecution or defense

Grace+Grace LLP
Intellectual Property
790 E. Colorado Blvd., Suite 797
Pasadena, CA 91101

of litigation, and therefore agrees that designations of information as confidential information and responses to requests to permit further disclosure of confidential information shall be made in good faith and (1) not to impose a burden or delay on an opposing party, or (2) not for tactical or other advantage in litigation. Further, each party shall avoid as much as the possible inclusion of confidential information in briefs and other captioned documents filed in court, in order to minimize sealing and designating documents as such.

Accordingly, the IT IS ORDERED THAT:

1. Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any information that is publicly available should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." A document should be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" when it contains or reflects confidential business information, including but not limited to information which the disclosing party or non-party believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractor or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.

2. Information or documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be limited to trade secrets (as defined in California Civil Code § 3426.1) or other confidential commercial information, including information that the disclosing party or non-party believes in good faith will result in competitive disadvantage or harm if disclosed to another party or

1  third party to this action and shall include marketing plans or strategies, business
2  plans, strategic plans, license agreements or negotiations, distribution agreements,
3  manufacturing agreements, engineering and manufacturing drawings, employee
4  files, customers' identities and personal information, merchandising, research and
5  development of products not yet released or sold, correspondence and agreements
6  with actual or prospective customers or vendors, financial information or
7  projections, including, without limitation, budgets, revenue, profits, costs,
8  liabilities, or other documents relating to revenue earned and asset information
9  that is not public knowledge, and actual or prospective customer lists.
10         3.      Information designated "CONFIDENTIAL" or "CONFIDENTIAL –
11  ATTORNEY'S EYES ONLY" may be used only in connection with this
12  proceeding and not for any other purpose.  Such information may not be disclosed
13  to anyone except as provided in this Protective Order.
14         4.      Any party or non-party wishing to come within the provisions of this
15  Protective Order may designate in writing the documents (as defined in Fed. R.
16  Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers
17  confidential at the time the documents are produced.  Each page of the document
18  must be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S
19  EYES ONLY" by the producing party, and any confidential documents
20  exchanged prior to this Protective Order being entered by the Court shall, within a
21  reasonable time hereafter, be so marked on each such page, if such markings do
22  not include every such page.  It is the intent of the parties that each document
23  previously designated as "CONFIDENTIAL" or "CONFIDENTIAL –
24  ATTORNEY'S EYES ONLY" and transmitted to the respective other party,
25  including any such documents and information exchanged for settlement
26  purposes, are to be covered by this Protective Order. "CONFIDENTIAL" or
27  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or things that
28

Grace+Grace LLP
Intellectual Property
790 E. Colorado Blvd., Suite 797
Pasadena, CA 91101

cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5. In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The witness under deposition or his counsel shall have the right, within thirty days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof. For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter and counsel for the party asserting that certain documents or testimony is confidential.

6. Any documents, discovery responses or deposition transcripts stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be made available only to:

    a. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

    b. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    c. Independent experts and consultants retained by the attorneys for purposes of the litigation that are not directly associated with a party

    d. Court reporters and their staff that are required to transcribe testimony; and

   e. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

  7. Any documents, discovery responses or deposition transcripts stamped "CONFIDENTIAL," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "CONFIDENTIAL," may be made available only to:

   a. A party, or any officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   b. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

   c. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

   d. Independent experts and consultants retained by the attorneys for purposes of the litigation that are not directly associated with a party;

   e. Court reporters and their staff that are required to transcribe testimony; and

   f. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

  8. For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he or she is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; (b) an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or

5
[PROPOSED] PROTECTIVE ORDER

relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

9. Each person permitted by the parties or their counsel to have access to designated information or documents under the terms of this Protective Order (other than the persons identified in Paragraphs 6(a), 6(b), and 6(d) and 7(b), 7(c), and 7(e)) shall, prior to being given such access, be provided with a copy of this Protective Order for review.  Upon receiving this Protective Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he or she has read the Protective Order and agrees to comply with its terms.

10. The restrictions set forth in this Protective Order shall not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents that would be in violation of this Protective Order.

11. Any document or evidence that is designated as containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and that a party wishes to file with the Court shall be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.  Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

CONFIDENTIAL
This document is subject to a Protective Order issued by
the Court and may not be examined or copied except in
compliance with that Order.

12. If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.

13. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, that seeks to compel production of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party that has asserted that the information or documents subject to the subpoena are "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The written notice required by this paragraph shall be given no later than seven days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall have the responsibility to obtain a court order quashing the subpoena, a protective order, and/or such other relief as will

1  protect the confidential nature of the subject information or documents before the
2  requested production date.  If an order quashing the subpoena or motion for
3  protective order is obtained, the party upon whom the subpoena, discovery
4  request, or order is served shall comply with the order.  If no motion to quash or
5  motion for protective order is filed before the scheduled production date set forth
6  in the subpoena, discovery request, or order, or if the motion to quash the
7  subpoena or motion for protective order is denied, the party upon whom the
8  subpoena, discovery request, or order is served may comply with the same
9  without being deemed to have violated this Protective Order.

10        14.    The Protective Order may be modified only in writing by the parties
11  and approved by an order of the Court.

12        15.    Upon termination of this proceeding, unless the attorneys of record
13  otherwise agree in writing, each party shall (a) assemble and return all designated
14  materials, including copies to the person(s) and entity(ies) from whom the
15  material was obtained, or (b) destroy all designated materials and provide the
16  other party with written certification that such destruction was made.  The
17  attorney of record may retain one copy of any designated materials, to be kept
18  confidentially, and retain all copies of designated materials containing attorney
19  work product information.

20        16.    This Protective Order shall not prejudice the right of any party or
21  nonparty to oppose production of any information on the ground of attorney-
22  client privilege, work product immunity, or any other protection provided under
23  the law.

24        **IT IS SO ORDERED.**

25  DATED:  October 11, 2012          

27                                    CARLA WOEHRLE
28                                    UNITED STATES MAGITSTRATE JUDGE

8
[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A
# ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, state that:

I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within the terms of the Protective Order entered in the U.S. District Court, Central District of California case entitled *Internet Brands, Inc. v. UltimateCoupons.com, LLC, et al.*, CV 11-5358 CAS (CWx).

I have received a copy of the Protective Order in this action, a copy of which is attached hereto. I have carefully read and understand the provisions of the Protective Order.

I hereby agree to be bound by and will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any information subject to the Protective Order that is disclosed to me. Upon termination of this action, I will return all confidential information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.

DATED:_____   _____
                                                                    Signature

                                                 _____

9
[PROPOSED] PROTECTIVE ORDER