UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5358-CAS (CWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) ORDER RE: INTERPRETATION OF NON-COMPETE AND EARN OUT PAYMENT COVENANTS

At the May 20, 2013, pretrial conference, the Court requested briefing from both parties as to whether defendants and counterclaimants' alleged breach of the "non-compete" provision in the parties' agreement excused defendants' breach of the obligation to pay the Year Three earn out payment. The Court did not rule on this issue in its order granting in part and denying in part the parties' cross-motions for summary judgment. After considering the briefs both parties submitted to the Court addressing this issue, Dkt. Nos. 92, 93, the Court concludes as follows.

The Asset Purchase and Sale Agreement ("APA") sets forth the relevant provisions pertaining to the sale of the UltimateCoupons site. See Dkt. No. 46-1. Section 1.3 of the APA, entitled "Purchase Consideration," provides for initial payment for the website in the amount of $7,604,000. In addition, the APA provides for three "earn out" payments based on the website's net revenue for each period beginning May 1 until April 30 in the years 2008–09, 2009–10, and 2010–11. These three payments were due on June 14, 2009, 2010, and 2011, respectively.

Article IV of the APA contains the "Covenants of Seller and Owners" of the Ultimatecoupons.com website. The non-competition covenant states that defendants shall not engage in a Competitive Business Activity . . . without Internet Brands [sic] prior written consent" for three years after the closing of the deal. The term "Competitive Business Activity" is further defined in the parties' agreement as "engaging in, or managing or directing persons engaged in any business in competition with the Websites or their business as the Websites are currently designed and configured . . . ." Further,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5358-CAS (CWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

defendants acknowledged that their agreement to the non-compete provision was "necessary to preserve the value of the Websites and their business for Internet Brands following the Closing," and that "the limitations of time, geography, and scope of activity agreed to in this Agreement are reasonable" for a number of reasons. The parties do not direct the Court to any other sections of the agreement that are relevant to the instant issue.

The Court finds that there remains a disputed issue of fact as to whether defendants' alleged breach of the covenant not to compete or solicit discharged plaintiff from its duty to make the third earn out payment. First, under California law, "[w]hen a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract." Brown v. Grimes, 192 Cal. App. 4th 265, 277 (2011) (citing 1 Witkin, Summary of Cal. Law, Contracts §§ 813, 814, p. 906 (10th ed. 2005)). The breach by one party must be material to excuse the other party's performance; not just any breach will do.[1]

This question—whether a breach of an obligation is a *material* breach, so as to excuse performance by the other party—is generally a question of fact. Id. (collecting sources). Only where "reasonable minds cannot differ on the issue of materiality" may the question be resolved as a matter of law. Id. at 278 (quotations omitted). "Whether a partial breach of a contract is material depends on the importance or seriousness thereof and the probability of the injured party getting substantial performance." Id. Factors to consider include: "(1) the extent of the actual performance or preparation; (2) the good faith, or lack thereof, of the defaulting party; (3) the hardship, if any, resulting to the defaulting party; and (4) the adequacy of damages to compensate the other party for the default." California Jury Instructions–Civil, BAJI No. 10.82, p. 685 (Spring 2010 ed.) (citing 1 Witkin, Summary of California Law, Contracts §§ 813, 814 (10th ed. 2005)). Even "[a] material breach of one aspect of a contract generally constitutes a material breach of the whole contract." Brown, 192 Cal. App. 4th at 278 (quoting 23 Williston on Contracts § 63:3, p. 440 (4th ed. 2002)). Here, because the parties have yet to address

---

[1] Of course, if defendants' purported breach did not occur at the outset of year three, plaintiff may have an obligation to pay that portion of the earn out payment which had already accrued.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5358-CAS (CWx) | Date | May 23, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

whether defendants' alleged breach of the non-compete provision is material or not, when viewed in light of the contract as a whole, there remains a disputed issue of fact to be addressed at trial.

Second, even where there has been a material breach by one party, the other party's performance will not be excused if the parties' respective promises or covenants are independent of one another. As with the determination of materiality, "whether a promise is an independent covenant, so that breach of that promise by one party does not excuse performance by the other party, is based on the intention of the parties as deduced from the agreement." Id. at 279. Covenants are deemed dependent "where performance by one party is in exchange for performance by the other, and the duties are to be performed or can be performed at the same time . . . ." 1 Witkin, *supra*, § 809. On the other hand, "[w]here the promises are to be performed at different times, they are generally deemed independent covenants . . . ." Id. § 810.

Upon further consideration, as with the question of materiality, the Court cannot determine as a matter of law whether the parties intended for their respective covenants at issue in this litigation to be independent or dependent. See Brown, 192 Cal. App. 4th at 279 (finding that the trial court properly treated the issue as "a question of fact" where it was ambiguous whether covenants were dependent or independent); Rubin v. Fuchs, 1 Cal. 3d 50, 54 (1969) (holding that "whenever possible the courts will construe promises in a bilateral contract as mutually dependent and concurrent"). As plaintiff notes, the non-compete provision is coextensive in time with the earn out provisions—both obligations expire three years after the agreement was executed. This supports a finding of dependence. However, these covenants otherwise concern wholly separate subject matter, and thus the parties may well have intended for these covenants to be independent obligations. Because the Court cannot determine whether the respective promises are dependent or independent, this issue must also be resolved at trial.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |