UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5358 CAS (CWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Not present | | Not present | |

**Proceedings:** (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE TRIAL** (filed May 29, 2013) [Dkt. No. 102]

On May 29, 2013, plaintiff Internet Brands filed the instant ex parte application to continue the trial in this action, presently scheduled for Wednesday, June 5, 2013. For the reasons set forth below, the Court DENIES plaintiff's ex parte application.

Plaintiff seeks a continuance of ninety (90) days in order complete a full audit of the underlying revenue categories that comprise the "Year 3" earn out payment. Previously, plaintiff reported total revenues for this period from the subject website of $3,706,001, but failed to provide the documentation required by the parties' agreement. In its application, plaintiff notes the large volume of information that must be reviewed. Defendants previously provided plaintiff with much of this information, but plaintiff contends that its own audit remains ongoing. Part of the reason for the delay, plaintiff notes, is that the third-party commission report from Commission Junction contains entries for a number of different websites that plaintiff owns, including Bargainist, Tjoos, BensBargains, DealLocker, among others.

Plaintiff further notes that trial counsel was only recently associated in on this matter; complete review of this information may render trial unnecessary; and some of plaintiff's potential witnesses "may" be unavailable due to "their current involvement in another transaction involving a publicly traded corporation." Finally, plaintiff contends that there will be no meaningful prejudice to defendants if this application is granted, because defendants only oppose the continuance in order to obtain an adverse inference that defendants' damages calculations must be accepted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5358 CAS (CWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

The Court agrees with defendants and counterclaimants Jeff Grossman, Andrew Kardon, and JAG Ventures, however, that a continuance of the trial date is not appropriate.

First, as defendants note, plaintiff is seeking a continuance not to produce any records, but merely to analyze the records that defendants/ counterclaimants produced to plaintiff in December 2012. These records were also discussed extensively in defendants' expert report, which was also provided to plaintiff prior to the motion for summary judgment. Seeking more time to conduct an audit based on records that were already in its possession is not a tenable ground for continuing trial.

Second, to date, plaintiff has never produced any data or documentation to defendants regarding the Year 3 earnout payment based on the net revenues of the ultimatecoupon.com site. This is despite the fact that plaintiff's general counsel, B. Lynn Walsh, stated in an October 2012 declaration that she had "reviewed [plaintiff's] corporate books and records regarding gross revenue for ultimatecoupons.com for the period May 1, 2010 through April 30, 2011, which totaled $3,706,001," and that she had "verified this revenue figure and know it to be true and accurate." See Dkt. 59-9, ¶¶ 5–6. As defendants note, however, plaintiff has never produced these "books and records" that Walsh purportedly reviewed in verifying the Year 3 figure. Given that plaintiff =has already "verified this revenue figure" during the pendency of this litigation, a continuance to allow plaintiff to conduct a further audit is not appropriate.[1]

---

[1] Defendants also contend that plaintiff's ex parte application reveals another breach of the parties' agreement (the "APA"). In particular, section 1.9 of the APA states that "Internet Brands shall not commingle or aggregate any of the business affiliate accounts, such that [ultimatecoupons.com's] business is segregated from Internet Brands' other website businesses." These "affiliate accounts" include the Commission Junction account referenced above, which plaintiff appears to concede is commingled with other websites in plaintiff's portfolio. Defendants aver that they did not become aware of this purported breach until reading plaintiff's ex parte application. The Court declines to decide whether plaintiff is in breach of this section of the APA for purposes of this ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5358 CAS (CWx) | Date | June 3, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS, INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

  In accordance with the foregoing, plaintiff's ex parte application to continue the trial in this action is hereby DENIED.

  IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |