UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
| CHRISTOPHER FROST RICHARD LEONARD | MICHAEL GRACE |

**Proceedings:** **Defendants' Motion for Attorneys' Fees [Dkt. 143] (filed September 6, 2013)**

**I. INTRODUCTION AND BACKGROUND**

On June 28, 2011, plaintiff Internet Brands, Inc. ("Internet Brands") filed this action against Ultimatecoupons.com, LLC and two individuals, Jeffrey A. Grossman and Andrew E. Kardon (collectively "defendants").[1] On December 5, 2011, plaintiff filed its First Amended Complaint ("FAC"), alleging (1) breach of written contract, (2) fraud by promise made without intent to perform, (3) fraud by omission, (4) fraud by intentional misrepresentation, (5) negligent misrepresentation, (6) money had and received, and (7) violation of California Bus. & Prof. Code §§ 17200 et seq. Thereafter, defendants filed a counterclaim against plaintiff, asserting claims for (1) accounting and (2) breach of contract. Dkt. No. 18. On April 15, 2013, the Court denied plaintiff/counter-defendant's motion for summary judgment in its entirety, and granted in part and denied in part defendants' and counterclaimants' motion for summary judgment. Dkt. 70.

The case proceeded to a jury trial on June 5, 2013, with the jury returning a special verdict on June 13, 2013. The jury found for defendants on both (1) their counterclaims for breach of contract and accounting, and (2) Internet Brands' claim for breach of contract. The jury awarded defendants $1,558,596.96 in total damages on their counterclaims. On August 5, 2013, the Court granted in part and denied in part Internet

---

[1] UltimateCoupons.com, LLC is now known as JAG Ventures, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

Brands' motion for a directed verdict, and ordered defendants to accept either remittitur in the amount of $1,528,596.96, or a new trial on damages. Defendants accepted remittitur, and on August 23, 2013, the Court entered judgment against Internet Brands in the amount of $1,528,596.96.

On September 6, 2013, defendants moved for attorneys' fees. Dkt. 143. Internet Brands opposed the motion on September 20, 2013, and defendants replied on September 23, 2013. On October 7, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

**II. ANALYSIS**

California Civil Code § 1717 permits the recovery of attorneys' fees in contract actions "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party." The Asset Purchase and Sale Agreement ("Agreement") at issue in this case provides that:

> In the event that . . . resolution [of a dispute under the Agreement] amounts to an increase in the Earn Outs to be paid to [defendants] that exceeds three percent of the amount contained in the summary statement originally provided by Internet Brands, then [defendants] shall be entitled to reimbursement of reasonable legal and accounting fees incurred in connection with the [dispute] and its ultimate resolution (including reasonable attorneys' fees and expenses that may be incurred in any litigation that may be required in connection with said [dispute]).

Dkt. 46, Ex. 1 § 1.4(b). In this case, the "summary statement" originally submitted by Internet Brands listed a Year Three Earnout payment of $652,000. At trial, the jury found that the Year Three Earnout payment should have been $1,528,596.96. Because the increase in the Year Three Earnout payment was more than three percent of the $652,000 figure originally listed by Internet Brands, defendants contend that they are entitled to recover attorneys fees under the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

Defendants' motion requests attorneys' fees in the amount of $559,101, auditor's fees in the amount of $58,284, and costs in the amount of $7,144. Defendants' reply modifies these figures to request attorneys' fees in the amount of $575,421, auditor's fees in the amount of $32,470, and costs in the amount of $7,873.[2] Defendants calculate these figures using the lodestar method: "the number of hours worked multiplied by the prevailing hourly rates." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010). In support of this calculation, defendants supply billing records and declarations reciting the hourly rates of the attorneys who worked on the matter. See Grace Decl. ¶¶ 2–3; White Decl. ¶ 3. Defendants further submit comparisons to other cases demonstrating that these rates reflect the prevailing market rate in the Los Angeles community. Mot. 6.

Internet Brands does not contest that defendants are entitled to attorneys' fees. Instead, Internet Brands lodges a number of objections to specific portions of defendants' requested fee award. The Court considers each of these objections in turn.

### A. Fees For Other Claims

Internet Brands first argues that defendants may only receive fees "incurred in connection with their counterclaim against Internet Brands for breach of contract." Dkt. 141, at 3 (judgment against Internet Brands). Internet Brands contends that defendants are thus not entitled to fees incurred prosecuting defendants' claim for an accounting or defending against Internet Brands' claim for breach of the non-compete provision. Because defendants' billing records do not separate out the fees incurred litigating defendants' claim for breach of contract, Internet Brands proposes that defendants' fee award be cut by two thirds.

As an initial matter, Internet Brands does not explain how it arrived at this 66 percent reduction in defendants' fee award. See Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be

---

[2] Defendants' modified request reflects (1) additional fees for work done post-trial, and (2) a proposed reduction in the auditor's fees for the reasons discussed in II.D, infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

comprehensible."). More fundamentally, however, Internet Brands' argument fails because all of defendants' fees were "incurred in connection with their counterclaim against Internet Brands for breach of contract." Under the Agreement, defendants are "entitled to reimbursement of reasonable legal and accounting fees incurred in connection with their" successful claim that Internet Brands breached its obligation to make the Year Three Earnout payment. Dkt. 46, Ex. 1 § 1.4(b).

In turn, prevailing on this contract claim required defendants to show that they were not themselves in breach of the Agreement. Here, Internet Brands asserted that defendants breached their obligations under the noncompete clause of the Agreement. Successfully defending against Internet Brands' noncompete claim was thus a prerequisite for defendants to prevail on their own Year-Three-Earnout contract claim.[3] Accordingly, fees incurred defending against Internet Brands' noncompete claim were also fees "incurred in connection with [defendants'] counterclaim against Internet Brands for breach of contract."

Similarly, defendants brought their accounting claim "to ascertain the proper earn out payments for years two and three." Dkt. 70, at 22 (order granting in part and denying in part summary judgment). These were the same earnout payments at issue in defendants' breach of contract claim. Fees incurred prosecuting the accounting claim were thus also "incurred in connection with [defendants'] counterclaim against Internet Brands for breach of contract." Accordingly, the Court finds that defendants are authorized to recover fees incurred litigating the noncompete and accounting claims.

**B. Evidence In Support of Fee Request**

---

[3] Internet Brands also asserts that it prevailed on its claim for breach of contract because the jury found that defendants breached the noncompete clause of the Agreement. This is incorrect. To prevail on its claim for breach of contract, Internet Brands had to prove (1) the existence of a contract, (2) its performance or excuse for non-performance of the contract, (3) defendants' breach, and (4) resulting damage. Reichert v. General Ins. Co. of America, 68 Cal. 2d 822, 830 (1968). Here, the jury found that no damages resulted from defendants' breach of the noncompete clause. See Dkt. 130, at 4 (Question 9 of Special Verdict Form).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

    Internet Brands next argues that defendants have not provided sufficient evidence in support of their request for fees. Specifically, Internet Brands contends that defendants request fees for work done by eight attorneys, but only provide declarations from two of those eight attorneys. Although those two declarations include billing records summarizing the work done by the other six attorneys, Internet Brands maintains that the declarations are not competent evidence of work performed by the non-declarant attorneys. Internet Brands thus argues that defendants are only entitled to fees for work billed by the two declarant attorneys.

    The Court finds this argument unpersuasive. For one, the only case cited by Internet Brands in support of its argument, Mardirossian & Associates, Inc. v. Ersoff, 153 Cal. App. 4th 257 (2007), is inapposite. First, the competence of evidence in diversity cases is controlled by the Federal Rules of Evidence, not California state law. Second, Mardirossian held only that personal testimony could support fees in the absence of billing records, not that billing records must be supported by separate declarations or testimony from each individual attorney who worked on the case. Id. at 270. More generally, it is common practice for courts to consider billing records attached to a single attorney's declaration when deciding motions for attorney's fees. See, e.g., Carpenters Pension Trust Fund for N. California v. Lindquist, 2011 WL 4543079 at *1 (N.D. Cal. Sept. 29, 2011). Accordingly, the Court finds that defendants have submitted sufficient evidence in support of their request for fees for work done by the non-declarant attorneys.

    **C.    Duplicative Fees**

    Internet Brands objects to allegedly duplicative fees incurred because defendants switched counsel in August 2012. "While '[i]t is appropriate for a district court to reduce duplicative fees when awarding attorney's fees,' the party opposing the fee application has the burden of specifying those hours that it finds duplicative." Signatures Network, Inc. v. Estefan, 2005 WL 151928 (N.D. Cal. Jan. 24, 2005) (citing Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1992)). Here, Internet Brands has not met its burden of "specifying those hours that it finds duplicative." Instead, Internet Brands argues that the first bill submitted by defendants' new counsel "represents efforts by [the new counsel] to 'get up to speed.'" Opp. 6. This blanket assertion that the bill represents duplicative work is insufficient—it does not explain why the items billed on the first bill could have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM, LLC, ET AL. | | |

been avoided but for defendants' decision to switch counsel. In particular, the only billing entries that Internet Brands specifically identifies as duplicative are 7.5 hours billed by attorney Pamela Deitchle in September 2012 for "reviewing and indexing defendants' prior document production." Id. Again, however, Internet Brands does not explain why reviewing and indexing prior document production was duplicative in the context of this case. Especially in light of Internet Brands' own decision to switch counsel mid-case, see dkt. 84, the Court declines to reduce defendants' fee award on the basis of duplicative fees.

### D. Auditor's Fees

In their original motion, defendants request $58,284.00 for fees incurred auditing Internet Brands' financial records. Internet Brands objects that defendants' auditor Suzanne Heinemann testified as an expert witness for defendants, and that her auditor's fees are in reality expert witness fees. Expert witness fees are not recoverable. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). In reply, defendants appear to concede that expert fees are unrecoverable, but argue that Ms. Heinemann acted as both an auditor and an expert. They propose that at least $32,470 of Ms. Heinemann's fees are attributable to her work as an auditor, rather than as an expert witness.

After reviewing the billing records submitted in support of Ms. Heinemann's auditor's fees, the Court agrees with Internet Brands that the majority of these fees are more properly classified as expert witness fees. The billing records reveal that the bulk of Ms. Heinemann's time was spent reviewing depositions, creating exhibits, and preparing for trial. See Grace Decl. Ex. 3. Because these records demonstrate that Ms. Heinemann was acting as an expert witness, rather than an auditor, the Court concludes that defendants should not receive auditor fees.

### E. Overall Reasonableness

Finally, Internet Brands generally contests the reasonableness of defendants' claimed fee award. Internet Brands argues that because this was a run-of-the-mill contract action requiring "no special skill or attention . . . , awarding defendants 100 percent of their fees is unreasonable." Opp. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

 This argument stands the lodestar analysis on its head. Under California law, the "lodestar method is . . . presumably reasonable." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1097 (2000). As such, the Court begins with the lodestar, and only moves away from that figure when special factors indicate that the lodestar is unreasonable. In determining the reasonableness of the lodestar, the Court considers "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." PCLM Grp. at 1096.

 Here, Internet Brands appears to be arguing that this case involved no special factors because the "litigation raised no novel issues." Opp. 7. But if this case was, as Internet Brands contends, an everyday contract dispute, that would counsel in favor of the lodestar, not in favor of a reduced award. Cf. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) ("[I]n rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." (emphasis added)).

 More generally, the Court perceives no reason to deviate from the lodestar method in this case. As Internet Brands correctly asserts, this was an ordinary contract cases, and the Court will therefore adhere to the "presumably reasonable" lodestar award calculated by defendants. And given that Internet Brands does not contest the reasonable hourly rates claimed by defendants in their declarations, the Court concludes that defendants' requested award, subject to the reductions discussed above, is reasonable.

## III. CONCLUSION

 In accordance with the foregoing, the Court GRANTS defendants' motion for attorneys' fees. The Court awards fees to defendants in the amount of $575,421 for attorneys' fees and $7,873 for costs. The judgment shall be amended to reflect this fee award.

 Defendants have indicated that they will be submitting a supplemental declaration reflecting costs incurred preparing the reply brief on their motion for attorneys' fees, as well as for attending the hearing on the motion. See Estate of Trynin, 49 Cal. 3d 868, 875 (1989) ("[W]hen an amount of attorney's fees is statutorily authorized, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05358-CAS-(CWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | INTERNET BRANDS INC. V. ULTIMATECOUPONS.COM , LLC, ET AL. | | |

reasonable expenses of preparing the application for fees should be included in the award."). Defendants shall submit this supplemental declaration no later than **October 14, 2013**.

    IT IS SO ORDERED.

|  |  | 00 | : | 04 |
|---|---|---|---|---|
|  | Initials of Preparer | MS |  |  |